FILED

08/16/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0258

DA 15-0258

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 199N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DAN EUGENE HASTINGS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 13-0125
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Dan Eugene Hastings (Self-Represented), Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Robert S. Spoja, Assistant
Attorney General, Billings, Montana

Submitted on Briefs:  June 29, 2016

Decided:  August 16, 2016

Filed:

                                  Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dan Eugene Hastings appeals from the District Court's denial of his motion to withdraw his guilty plea to the offense of felony theft by accountability. The Court has reviewed the briefs filed by the parties, including Appellant's reply brief. We affirm.

¶3 On August 13, 2013, Hastings entered a plea agreement under which he and the State resolved several misdemeanor and felony charges in two separate cases. One of those cases was DC 13-0125, which is the subject of this appeal, and the other was DC 12-0396. In the plea agreement the State and Hastings agreed that in DC 12-0396 that a felony robbery charge would be amended to misdemeanor theft and misdemeanor assault. As to DC 13-0125, the State and Hastings agreed that he would plead guilty to felony theft by accountability, and the State would dismiss misdemeanor charges of obstructing a police officer and resisting arrest, even though Hastings had previously pled guilty to those misdemeanors. Hastings acknowledged in the written plea agreement that he was giving up all the rights that would accrue to him at trial and that he was waiving "any factual dispute as to my guilt." Hastings certified that he was not under any pressure or coercion to plead guilty.

2

¶4    Hastings acknowledged the factual basis of the misdemeanor theft and assault charges in DC 12-0396 arising from an incident in which he took merchandise from a store and hit a store employee in the chest. Hastings acknowledged the factual basis of the felony theft by accountability charge in DC 13-0125 arising from an incident in which he "helped someone try to sell a stolen orange and black surfer bong belonging to Discount Smoke Shop, and the value of the property was over $1500." Hastings acknowledged that he was satisfied with his attorney's advice and services; that he had adequate time to prepare his defense; that he had copies of all discovery and investigative reports and had discussed them with his attorney; and that he had discussed the consequences of his guilty plea with his attorney.

¶5    On November 12, 2013, the District Court sentenced Hastings in DC 13-0125 to a term of five years with the Department of Corrections with two years suspended. On November 17, 2014, Hastings filed a motion to withdraw his guilty plea in DC 13-0125, pursuant to § 46-16-105(2), MCA. The District Court denied Hastings' motion to withdraw. The District Court examined the record of Hastings' change of plea and found that the plea was voluntary and intelligent, and that it was supported by the plea agreement that Hastings signed. In addition, the record demonstrated that Hastings received a substantial benefit from the plea agreement by getting a felony charge amended to two misdemeanors, and getting two more misdemeanor charges, to which he had already pled guilty, dismissed.

¶6    A court may allow a defendant to withdraw a guilty plea for good cause shown, which can include that the plea was involuntary. *State v. McFarlane*, 2008 MT 18, ¶ 11,

3

341 Mont. 166, 176 P.3d 1057. A plea is voluntary if the defendant is fully aware of the consequences of the plea, and of any commitments made to him. *State v. Lone Elk*, 2005 MT 56, ¶ 21, 326 Mont. 214, 108 P.3d 500. Case-specific factors are also relevant, such as whether the court adequately interrogated the defendant to determine whether he understood the plea, and whether the defendant received the benefit of having other charges dismissed. *State v. Garner*, 2014 MT 312, ¶ 26, 377 Mont. 173, 339 P.3d 1; *Lone Elk*, ¶¶ 14, 16.

¶7 Hastings contends that his motion to withdraw should have been granted because the State did not file a timely response in District Court. The District Court properly refused to do so. Hastings also argues that the District Court improperly found his motion untimely, but the District Court clearly stated that Hastings' motion was being considered on its merits and not based upon a procedural failing. While Hastings now contends that he did not know that the bong was stolen at the time he possessed it, that contention is belied by the record. Hastings acknowledged in the plea agreement and in open court that he knew that the bong belonged to the store. The overwhelming evidence in the record shows that Hastings knowingly and voluntarily entered the plea agreement; that there was adequate factual basis for the pleas; and that Hastings received a substantial benefit from the agreement.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court's findings are supported by substantial evidence and the legal issues are controlled by settled law that the District Court properly applied.

4

¶9     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE